## NATIONAL AUTOMATIC WEIGHING MACH. CO. et. al. v. NEW YORK SCALE CO.

(Circuit Court, S. D. New York. May 16, 1906.)

PATENTS—INFRINGEMENT—AUTOMATIC SCALE.

The Smith patent, No. 375,102, for an automatic scale (claim 11), which covers a device for returning the indicator to its normal position after it has indicated a person's weight by means independent of the weighing mechanism, is limited to the particular means shown. As so limited, *held* not infringed.

In Equity. On final hearing.

A. Parker Smith, for plaintiff.
Fremont E. Shurtleff, for defendant.

WHEELER, District Judge. The plaintiff owns patent No. 375,-102, dated December 20, 1887, and issued to William Robert Smith for an automatic weighing scale. In these penny in the slot scales the weight of the person on the platform by the counterbalancing mechanism sets a limit according to the weight, and the coin carries the index to that point which shows the weight. When the person gets off the platform, the counterbalancing mechanism returns to its place, ready to weigh again, and the index returns to 0. Formerly, if another person got on while the one weighed was getting off, so the counterbalancing mechanism would not be fully relieved, the index would not go to 0, but to the new limit, and the weight of that person be indicated without inserting another coin, and so on. A part of this patent, which is for returning the index to 0 when the weight on the platform is shifted, so as to require another coin for indicating another weight, is now only in question. The specification says:

"Extending from the platform is an upright case, within which my mechanism is placed. Extending from the lever mechanism underneath the platform, and up through the upright case, is a rod or suitable connection, to the upper extremity of which the weighing spring is connected. The upper end of this spring is suspended from a projection on the upper end of the metallic frame, which frame I secure to the back of the case in an upright position, as shown. On a standard or rod loosely pivoted to an offset on the upper extremity of the rod connecting the weighing spring and the lever mechanism of the platform is secured a pivoted catch, which engages with a sleeve sliding on the standard, and connected to a weight by a band passing over a pulley. Projecting from the sleeve is an offset or arm, which engages with a cap on the front of the rack, and serves both as a support and stop for the rack-bar which actuates the indicating mechanism. The rack-bar has a vertical motion in suitable bearings, its up motion being limited by a nut at its lower end, and its down motion by a cap which extends over the projecting arm of the sleeve when the latter is carried down by the descent of the rod connection between the weighing spring and the scale and its projecting standard. On the partial removal of the weight from the platform of the scales, the connecting rod rises with its standard, carrying with it the sleeve and the rack-bar suspended from the sleeve-offset. On the upward motion of the sleeve a pawl a lower extremity of the catch which holds the sleeve engages with a rack, over which it passes freely in its descent, disengages the catch, and releases the sleeve, which is thus slid upward by the fall of the counterweight, carrying with it the rack-bar back to its normal position. The up movement of the rack returns the indicator to zero, at which point the rack is locked in place by the latch."

The only claim alleged to be infringed is:

"(11) The combination, with weighing scales, of indicating mechanism actuated by the descent of the scales, means for automatically releasing the indicating mechanism from its connection with the scales, and means independent of the weighing scales for returning the indicating mechanism to its normal position, whereby on the descent of the scales the weight is indicated, and the indicating mechanism then returned to zero, substantially as described."

The defendant's scales have "means independent of the weighing scales for returning the indicating mechanism to its normal position,"

and if the patent would cover any such means the defendant's would infringe; but such a claim cannot be valid to cover everything to accomplish the same result that any one might invent, but only the particular means described in the specification. The operative mechanism of the patent seems to be the sliding sleeve retracted by a weight over a pulley, and releasing the indicator; that of the defendant is a segment retracted by a spring and weight, with a pinion on the axis of the indicator. The defendant's means for this purpose are therefore essentially different from those of the patent. They do not accomplish the resetting of the indicator when the persons being weighed are shifted in substantially the same way, but in a different way. If the patent was for a pioneer invention of the whole machine, the means of the defendant might be considered equivalent to those of the patent in the operation of the principal parts; but in this part of this patent for this mere detail they must do the same thing in detail in substantially the same way to be an infringement. The patent is for this detail, and the defendant's is a different detail. Therefore, if this claim is valid for the specific means of accomplishing this object, the defendant does not infringe.

Bill dismissed.